# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| **For the use and benefit of** ) | |
| **KUDZUE 3 TRUCKING, INC., and** ) | |
| **KUDZUE 3 TRUCKING, INC.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | **Civil Action No. _____** |
| **UNITED STATES SURETY COMPANY,** ) | |
| **d/b/a TOKIO MARINE HCC,** ) | |
| **UNITED STATES SPECIALTY** ) | |
| **INSURANCE COMPANY d/b/a** ) | |
| **TOKIO MARINE HCC, and** ) | |
| **DTH CORPORATION,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiff United States of America, for the use and benefit of Kudzue 3 Trucking, Inc., ("Kudzue") sues Defendants United States Surety Company d/b/a Tokio Marine HCC and United States Specialty Insurance Company d/b/a Tokio Marine HCC (together, "Tokio") and Defendant DTH Corporation ("DTH"). In support, Kudzue states as follows:

1.  Kudzue performed paving services on federal property, specifically, the Moody Air Force Base in Valdosta, Georgia (the "Property"). DTH was the general contractor for the project and hired Kudzue to perform the services; Tokio issued a bond guaranteeing payment. Kudzue is owed $90,686.17, exclusive of interest, attorneys' fees, and costs. As such, Kudzue made a claim under the bond to Tokio, but Tokio did not honor the claim. DTH incorrectly claims that

$57,682.09 is owed, but DTH and Tokio have failed to pay even that lesser sum. This lawsuit seeks recovery of all amounts owed to Kudzue.

## JURISDICTION AND VENUE

2. Plaintiff Kudzue is incorporated in Florida and has its principal place of business in Georgia. Kudzue is a citizen of Florida and Georgia for diversity purposes.

3. Defendant United States Surety Company is incorporated in Maryland and has its principal place of business in Maryland. Defendant United States Surety Company is a citizen of Maryland for diversity purposes.

4. Defendant United States Specialty Insurance Company is incorporated in Texas and has its principal place of business in Texas. Defendant United States Specialty Insurance Company is a citizen of Texas for diversity purposes.

5. Defendant DTH is incorporated in Virginia and has its principal place of business in Virginia. Defendant DTH is a citizen of Virginia for diversity purposes.

6. The amount in controversy exceeds $75,000, exclusive of costs and interest. Specifically, in this lawsuit, Kudzue seeks $90,686.17 for unpaid services, exclusive of attorneys' fees, costs and interest.

7. As the parties are diverse and the amount in controversy requirement is met, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

8. Further, this Court has federal question jurisdiction under 28 U.S.C. § 1332, as Kudzue seeks recovery from Tokio under 40 U.S.C. § 3131, *et seq.*, commonly known as the Miller Act.

9. Venue is proper in the Middle District of Georgia pursuant to 40 U.S.C. § 3133(3), in that Kudzue's contract was to be performed on the Property, which is located in the Middle District of Georgia.

10. Additionally, venue is proper in the Middle District of Georgia pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in the Middle District of Georgia, and the Property that is the subject of the action is situated in the Middle District of Georgia.

**GENERAL ALLEGATIONS**

11. On July 31, 2017, Tokio issued Payment Bond Number 1001081269 (the "Bond"). DTH was the contractor on the project and principal on the Bond. Under the Bond, Tokio jointly and severally guaranteed DTH's payments to its subcontractors on the Property.

12. DTH retained Kudzue as a subcontractor to provide paving services on the Property. The scope of those services changed throughout the project, and were reflected by a number of change orders and proposals.

13. In total, Kudzue contracted with DTH to provide $413,348.75 in services to the Property.

14. Due to price reductions, Kudzue invoiced $394,382.75 for its services.

15. Kudzue last supplied labor on the Property on or about August 13, 2020.

16. In total, DTH only paid Kudzue $303,696.58, leaving a balance owed of $90,686.17.

17. Kudzue made a timely claim on the Bond for $90,686.17, but Tokio failed to pay the amounts owed.

18. Under the Proposal and Contract Add-Ons submitted by Kudzue and signed by DTH, DTH agreed that if Kudzue "employs an attorney to enforce any provision of [DTH's] contract or invoice . . . or to collect any payment due to Kudzue 3 Trucking, Inc. from [DTH],

whether or not suit is instituted, Kudzue 3 Trucking, Inc. will be entitled to recover from [DTH] all costs and expenses incurred, including a reasonable attorney's fee."

19. The Proposal and Contract Add-Ons signed by DTH provided that "[i]f the balance is not paid by the 60th day from the invoice date, interest will accrue on that unpaid amount at the highest rate allowable by Florida law," which is 18% per annum.

20. Kudzue has retained the undersigned law firm and is obligated to pay its attorneys a reasonable fee for the services rendered on its behalf.

21. All conditions precedent with bringing this lawsuit have been met by Kudzue or waived by Tokio and DTH.

## COUNT I

## BREACH OF CONTRACT
**(By Kudzue against DTH)**

22. Kudzue re-alleges paragraphs 1 through 21 as if fully restated herein.

23. Kudzue and DTH had a valid contract.

24. DTH materially breached the contract by failing to pay all amounts owed to Kudzue.

25. Kudzue was damaged as a result of DTH's breach.

WHEREFORE, Kudzue requests entry of a judgment for damages against DTH, including prejudgment interest, postjudgment interest, costs, attorneys' fees under the Proposal and Contract Add-Ons, interest at a rate of 18% per annum under the Proposal and Contract Add-Ons, and any other relief this Court deems proper.

## COUNT II

### QUANTUM MERUIT
### (By Kudzue against DTH; Alternative to Count I)

26. Kudzue re-alleges paragraphs 1 through 25 as if fully restated herein.

27. Kudzue performed as agent services valuable to DTH.

28. Kudzue performed the services either at the request of DTH or DTH knowingly accepted the services.

29. DTH's receipt of the services without compensating Kudzue would be unjust.

30. Kudzue expected compensation at the time of rendition of services.

WHEREFORE, Kudzue requests entry of a judgment for the value of the services provided against DTH, including prejudgment interest, postjudgment interest, and any other relief this Court deems proper.

## COUNT III

### UNJUST ENRICHMENT
### (By Kudzue against DTH; Alternative to Counts I and II)

31. Kudzue re-alleges paragraphs 1 through 30 as if fully restated herein.

32. Due to DTH's failure and refusal to pay for the labor and services provided by Kudzue, DTH has been conferred a benefit constituting unjust enrichment, for which DTH should compensate Kudzue.

33. As a matter of equity, DTH should pay to Kudzue the amount by which DTH has been unjustly enriched.

## COUNT IV

### VIOLATION OF MILLER ACT
### (By United States of America for the use and benefit of
### Kudzue, against Tokio, jointly and severally)

34. Kudzue re-alleges paragraphs 1 through 33 as if fully restated herein.

35. Tokio issued the Bond.

36. Kudzue was a subcontractor on the Property.

37. Kudzue supplied labor and materials per its subcontract with DTH.

38. Kudzue is unpaid for the labor and materials supplied per its subcontract with DTH.

39. Kudzue had a good faith belief that the labor and materials supplied were for purposes of the project secured by the Bond.

40. Kudzue satisfied all jurisdictional requirements in bringing this Miller Act payment bond claim.

WHEREFORE, Kudzue requests entry of a judgment for damages against Tokio, jointly and severally, including prejudgment interest, postjudgment interest, costs, attorneys' fees under the Proposal and Contract Add-Ons, interest at a rate of 18% per annum under the Proposal and Contract Add-Ons, and any other relief this Court deems proper.

Respectfully submitted this 16th day of April, 2021.

>  /s/Brooke W. Gram
> Brooke W. Gram
> Georgia Bar No. 810901
> **BALCH & BINGHAM LLP**
> 30 Ivan Allen Jr. Blvd. N.W., Suite 700
> Atlanta, GA 30308
> Telephone: (404) 261-6020
> Facsimile: (404) 261-3656
>
> Charles Brumby*
> Florida Bar No. 084054
> **HOMER BONNER**
> 1200 Four Seasons Tower
> 1441 Brickell Avenue
> Miami, Florida 33131
> Telephone: (305) 350-5120
> Facsimile: (305) 372-2738
> *Pro hac vice application pending
>
> *Attorneys for Kudzue 3 Trucking, Inc.*

9981249.3